CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
September 19, 2024
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **TRACY LYNN FOX,** | ) |
| Plaintiff, | ) Case No. 2:23CV00009 |
| v. | ) **OPINION AND ORDER** |
| **MARTIN J. O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,** | ) JUDGE JAMES P. JONES |
| Defendant. | ) |

*Joseph E. Wolfe*, WOLFE WILLIAMS & AUSTIN, Norton, Virginia, for Plaintiff; *Patrick Roach*, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Defendant.

In this social security case, I will accept the Report and Recommendation (Report) of the magistrate judge.

I.

The plaintiff, Tracy Lynn Fox, challenges the final decision of the Commissioner of Social Security (Commissioner) denying her claim for supplemental security income under the Social Security Act. This action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings pursuant to 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Judge Sargent filed her report on April 10, 2024, and recommended that the court deny Fox's motion for summary judgment, grant the Commissioner's motion for

summary judgment, and affirm the Commissioner's decision denying benefits. On April 24, 2024, Fox filed objections to the Report. The Commissioner filed a response to the objections on May 3, 2024. Accordingly, the objections are now ripe for review.

II.

Fox applied for supplemental security income on November 12, 2020, alleging disability as of August 13, 2020, based on deteriorating disc disease, neck problems, scoliosis, learning disability, anxiety, depression, stomach problems, irritable bowel syndrome, arthritis in back, surgery on left knee, carpal tunnel, trigger finger, high blood pressure, high cholesterol, insomnia, sleep apnea, and short-term memory loss. Admin. Tr. 20, 212, 330–36, 358, ECF No. 7.

In his written decision, the ALJ found that Fox was not under a disability within the meaning of the Act since November 12, 2020, the date that Fox filed her application. Although the ALJ found that Fox had not engaged in substantial gainful activity since November 12, 2020, and that she had several severe impairments, the ALJ concluded that Fox did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Admin. Tr. 24. The ALJ determined that Fox had the residual functional capacity to perform sedentary work, with exceptions, as a scanner, label marker, or inspector. In her brief in support of her Motion for

Summary Judgment, Fox argued that the ALJ had failed to properly evaluate the medical opinions of Eric Eddy, M.D., Rebecca O'Quinn, N.P., Sreeja Kadakkal, M.D., and Eric Oritt, Ph.D. Fox stated that the ALJ did not address the supportability and consistency of the four opinions. However, in her report, Judge Sargent concluded that the ALJ's consideration of these medical opinions was supported by substantial evidence.

Fox filed objections to the Report, again arguing that the ALJ failed to properly evaluate the opinions of Dr. Eddy, Nurse Practitioner O'Quinn, Dr. Kadakkal, and Dr. Oritt. She states that the ALJ did not consider the overall consistency of the opinions and that the ALJ's decision is consequently unsupported by substantial evidence.

### III.

The court must make a de novo determination of the portions of the Report to which the plaintiff specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1). However, if a party "makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations, de novo review is not required." *Janice S. v. Berryhill*, No. 7:17CV00196, 2018 WL

4625628, at *1 (W.D. Va. Sept. 26, 2018) (citations and internal quotation marks omitted).  An objection that simply reiterates arguments raised before the magistrate judge fails to satisfy the requirements of Rule 72(b), which requires a party to "serve and file *specific* written objections to the proposed findings and recommendations." *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008) (citing Fed. R. Civ. P. 72(b)).  Such objections are treated as general objections, which have the same effect as a failure to object.  *Janice S.*, 2018 WL 4625628, at *2.

  Fox certainly had the right to file objections to the magistrate judge's Report in support of her claim that certain opinion evidence in the record had not been properly considered in the administrative process in light of its consistency.  In the present case, however, the objections were not to the magistrate judge's resolution of that issue, but rather directed at the ALJ's handling of it, using the same arguments found in the brief to the magistrate judge.  Such a procedure merely repeats the review already accomplished by the magistrate judge, with the attendant waste of judicial resources.

  While I will consider Fox's objections, rather than de novo review, I will review the Report for clear error.  *Nicole M. v. O'Malley*, No. 7:22-CV-00600, 2024 WL 1283343, at *3 (W.D. Va. Mar. 26, 2024) (citing *Ella H. v. Kijakazi*, No. 3:21-cv-804, 2023 WL 1422365, at *1 (E.D. Va. Jan. 31, 2023)).

IV.

Fox first argues that the ALJ failed to evaluate the consistency of Dr. Eddy's opinion. Judge Sargent, however, found that there was substantial evidence to support the ALJ's evaluation of Dr. Eddy's medical opinion. The ALJ found Dr. Eddy's opinion partially persuasive. Admin. Tr. 35. The ALJ stated that part of Dr. Eddy's assessment was somewhat supported, as Fox had, for example, a "steady, slow, limping gait" and was unable to squat and rise from that position. *Id.* However, the ALJ noted that the limitations described by Dr. Eddy were not adequately explained and were not consistent with what Fox's own providers had observed, such as normal physical examination findings. *Id.* Specifically, the ALJ referenced examinations conducted by Fox's primary care provider, Lonesome Pine Hospital's emergency department, Fox's surgeon, and Nurse Practitioner O'Quinn. Given the ALJ's clear explanations, I find that Judge Sargent did not err in finding that the ALJ had adequately addressed the consistency of Dr. Eddy's opinion and that there was substantial evidence to support this evaluation.

Fox next argues that Nurse Practitioner O'Quinn also placed greater limitations on Fox and that the ALJ failed to address the consistencies of limitations give by both Nurse Practitioner O'Quinn and Dr. Eddy. Nurse Practitioner O'Quinn opined that Fox could be expected to stand an hour, walk an hour, and sit six hours in an eight-hour workday. *Id.* at 1691. The ALJ found that the suggested standing

and walking limitations were not fully supported as Fox had a normal gait and could walk without the cane that she had brought.  *Id*. at 36.  The ALJ also disagreed with Nurse Practitioner O'Quinn and stated that greater lifting and carrying limitations were warranted given Fox's musculoskeletal impairments and history of carpel tunnel and trigger finger surgeries.  *Id.*  As stated by the magistrate judge, the ALJ adequately addressed the consistency factor by explaining why he rejected both source opinions' restrictions.

Lastly, Fox argues that the ALJ failed to properly address the reviewing source opinions from Dr. Kadakkal and Dr. Oritt.  She states that the ALJ neglected to address the consistency between Dr. Kadakkal's and Dr. Oritt's opinions and specifically reject the limitations given by Dr. Kadakkal.  As stated in the Report, the ALJ is not required to discuss that two similar medical opinions are consistent with each other.  Nor is the ALJ required to articulate how he considered the other most persuasive factors in 20 C.F.R. § 416.920c(c) when two sources share the same opinion.  Here, as stated by the magistrate judge, the only difference between the two opinions is that Dr. Kadakkal found that Fox had a "mild" mental limitation in her ability to understand, remember, or apply information and Dr. Oritt concluded that Fox had a "moderate" limitation in the same area.  *Id*. at 217, 229.  Furthermore, the ALJ did address the limitations given by Dr. Kadakkal.  *Id.*  at 37.  The ALJ found Dr. Kadakkal's assessment less persuasive because the "mild" limitation was

in conflict with the finding that Fox would have difficulty remembering detailed instructions. *Id.* The ALJ stated Dr. Kadakkal's assessment was not entirely consistent with other evidence since the totality of the evidence showed that Fox was "moderately" limited in understanding, remembering, and applying information. *Id.* Therefore, I find no error in Judge Sargent's conclusion that substantial evidence exists to support the ALJ's evaluation of Dr. Kadakkal's and Dr. Oritt's opinions.

Accordingly, it is **ORDERED** as follows:

1. The plaintiff's objections, ECF No. 16 are DENIED;
2. The magistrate judge's Report and Recommendations, ECF No. 15, is fully ACCEPTED;
3. The plaintiff's Motion for Summary Judgment, ECF No. 10, is DENIED;
4. The Commissioner's Motion for Summary Judgment, ECF No. 14, is GRANTED; and
5. A separate final judgment will be entered herewith.

ENTER: September 19, 2024

/s/ JAMES P. JONES
Senior United States District Judge